■ JUDITH REISS, Respondent, v. TED REISS, Appellant.— In an action by a wife for a separation, the defendant husband appeals from an order of the Supreme Court, Kings County, dated February 1, 1963, which (1) directed him, *pendente lite*, to pay to plaintiff alimony of $90 a week for the support of herself and their two infant children; and (2) directed him to pay her a counsel fee of $1,500. Order modified as follows: (1) By amending the first decretal paragraph so as to reduce the alimony to $50 a week, to direct that such sum be paid for the support of the children only, and to delete the provision to the effect that the sum awarded is for the support of the plaintiff; (2) by adding a provision denying plaintiff's motion insofar as it seeks alimony *pendente lite* for her own support; (3) by striking out the second decretal paragraph which directs defendant to pay to plaintiff $1,500 as a counsel fee for her attorney; and by substituting therefor a provision denying plaintiff's motion insofar as it seeks a counsel fee; and (4) by adding a further provision to the effect that the denial of plaintiff's motion insofar as it seeks alimony *pendente lite* for her own support and insofar as it seeks a counsel fee, is without prejudice to her right to renew her motion in these respects, if so advised, upon the trial of this action. As so modified, order affirmed, without costs. On this record, plaintiff has failed to show a reasonable probability of success. Her application for alimony for her own support and for a counsel fee is therefore referred to the trial court for determination. Since our decision is based on conflicting affidavits, it should have no effect upon the Trial Justice in determining whether, and in what amounts, permanent alimony and counsel fees should be awarded. His determination must necessarily be based upon all the proof adduced at the trial. Here, the best protection for both parties is to seek a speedy trial upon which all the facts can be fully developed (see *Weiler* v. *Weiler*, 17 A D 2d 957). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ WILLIAM MIDDLETON, Respondent, v. GENERAL MOTORS ACCEPTANCE CORP. et al., Appellants.— On the court's own motion, its decision and order dated March 8, 1963, denying conditionally the respondent's motion to dismiss the appeal from a judgment of the County Court, Suffolk County, are vacated; and said motion is denied. On the court's own motion the said appeal by the defendants to this court from a judgment of the County Court, Suffolk County, entered December 24, 1962 is transferred to the Appellate Term of the Supreme Court in the Second Judicial Department. That court is presently vested with the jurisdiction of appeals from the County Court, Suffolk County (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; Order No. 47 of this court, dated July 12, 1962). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.